UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: LIQUID ALUMINUM SULFATE ANTITRUST LITIGATION<br><br>*This Document Relates to: ALL ACTIONS* | 16-md-2687 (JLL) (JAD)<br>(MDL 2687)<br><br>**ORDER** |

The Judicial Panel on Multidistrict Litigation ("the Panel") has transferred certain antitrust lawsuits generally alleging anticompetitive practices designed to unlawfully fix, raise, maintain and stabilize the prices at which liquid aluminum sulfate was sold in the U.S. between 1997 and 2010. (*See* ECF No. 1) As these cases merit special attention as complex litigation, including a coordinated initial case management conference for all actions, it is hereby ORDERED as follows.

1. **SCOPE OF ORDER** – This Order shall govern the practice and procedure in those actions transferred to this Court by the Panel pursuant to its Transfer Order of February 4, 2016 (ECF No. 1), any "tag-along" actions transferred to this Court by the Panel pursuant to the Panel's Rules of Procedure, and all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto. This Order and all subsequent Case Management Orders shall be binding on all parties and their counsel in all cases currently pending or subsequently transferred to *In re: Liquid Aluminum Sulfate Antitrust Litigation*, MDL No. 2687, and shall govern each case in the proceedings unless the Order explicitly states that it does not apply to specific cases or that it applies only to specific cases. This Order vacates any case management or scheduling order issued by a federal court prior to the transfer of a case to MDL 2687.

2. **CONSOLIDATION** – The civil actions transferred to this Court or related to the actions already pending before this Court are consolidated for pretrial purposes. Any "tag-along actions" transferred to this Court, or directly filed in the District of New Jersey, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

3. **MASTER DOCKET FILE** – The Clerk of the Court will maintain a master docket case file under the style "In re: Liquid Aluminum Sulfate Antitrust Litigation" and the docket number "16-md-2687 (JLL) (JAD) (MDL 2687)."[1] When a pleading is intended to apply to all actions, this shall be indicated by the words: "This Document Relates to: ALL ACTIONS." When a pleading is intended to apply to fewer than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates to."

4. **FILING** – Each attorney of record is obligated to become a District of New Jersey ECF User and be assigned a user ID and password for access to the system. If she or he has not already done so, counsel shall register as an ECF User and be issued an ECF User ID and password. Forms and instructions can be found on the Court's website at http://www.njd.uscourts.gov/. All documents shall be e-filed in the Master file, 16-md-2687. Documents that pertain to one or only some of the pending actions shall also be e-

---

[1] The Clerk of the Court shall continue to maintain a separate civil action number and case file for each case filed in, removed to, or transferred to this Court.

filed in the individual case(s) to which the document pertains.

5. **APPEARANCES** – Unless otherwise provided by this Court, attorneys admitted to practice and in good standing in any United States District Court are admitted pro hac vice in this litigation, provided that they file a certification attesting that they have paid the requisite fee to the New Jersey Lawyers Fund for Client Protection as required under Local Civil Rule 101.1(c)(2), and have also paid the pro hac vice admission fee to the Clerk of the Court as required under Local Civil Rule 101.1(c)(3). The requirement that pro hac vice counsel retain local counsel, *see* Local Civil Rule 101.1(c)(4), is waived and does not apply to this MDL action.

6. **STATUS UPDATE** – The parties shall meet and confer and shall submit a joint written submission on or before Thursday, February 25, 2016 advising the Court as to the status of all litigation pending in this MDL matter. Specifically, the submission shall inform the court of the following, in separate paragraphs:

   a. Identify any related proceeding in federal court, an indication of how they are related, and their current status.

   b. List all causes of action and the degree to which they are common to all the Plaintiffs, and a preliminary statement of facts. This statement will not waive claims or defenses, and may not be offered into evidence in later proceedings.

   c. A statement of all existing deadlines, due dates, and/or cut-off dates.

   d. A brief description of any outstanding motions.

   e. Steps Defendants have taken to preserve relevant evidence, including electronically stored information.

   f. A brief description of any discovery that has already taken place and of any

      discovery that is necessary for the parties to engage in meaningful settlement negotiations.

    g. A list of all prior settlement discussions, including the date, the parties involved, if any.

    h. Suggest steps or issues to be addressed for the civil litigation to proceed efficiently.

    i. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

7. **INITIAL CONFERENCE** – The Court will conduct an initial conference on Thursday, March 3, 2016 at 10 AM in Courtroom 5D, MLK Building, 50 Walnut Street, Newark, New Jersey. Not all parties are required to attend; rather parties with similar interests are expected to the extent practicable to agree on a single attorney to act on their joint behalf at the conference. Designation of such an attorney to represent a party's interests does not preclude that party from other representation during the litigation. Attendance at the conference will not waive any objections to jurisdiction, venue, or service. Persons or entities who are not named as parties but may later be joined or are parties in related pending litigation may attend. Prior to the conference, Counsel are expected to confer and seek consensus to the extent possible with respect to: items that should be discussed at the initial case management conference (including appointment of plaintiffs' steering committee and settlement master); a proposed discovery plan pursuant to Rule 26(f); and a suggested schedule pursuant to Rule 16(b) for joinder of parties, amendment of pleadings, consideration of any class action allegations, motions, and trial. The agenda of agreed upon issues, discovery plan, and schedule shall be forwarded to the Court by

Defendants by Thursday, February 25, 2016.

8. **PRESERVATION OF EVIDENCE** – All parties and counsel are reminded of their duty to preserve evidence that may be relevant to this action, including electronically stored information. Any evidence preservation order previously entered in any of the transferred actions shall remain in full force and effect until further order of the Court. Until the parties reach an agreement on a preservation plan for all cases or the Court orders otherwise, each party shall take reasonable steps to preserve all evidence that may be relevant to this litigation. Counsel, as officers of the court, are obligated to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of corporate or institutional parties, of their preservation obligations.

9. **RESPONSE EXTENSION AND STAY** – Defendants are granted an extension of time for responding by motion or answer to the complaints until a date to be set by this Court. Pending further order of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. Moreover, all pending motions (if any) must be renoticed for resolution once the Court sets a schedule for any such motions.

10. **IDENTIFICATION OF RELATED CASES** – This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be coordinated as part of this MDL, upon any party's information and belief that the matter should be so coordinated.

11. **APPLICATION OF LOCAL RULES** – Unless otherwise set forth in this Order (such as with the procedure for pro hac vice admission addressed in Paragraph 5 above), the parties shall comply with the Local Civil Rules of the United States District Court for the

District of New Jersey, as well as the individual rules and preferences of the District Judge and Magistrate Judge assigned to this matter.

**IT IS SO ORDERED.**

Date: February 16, 2016

JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE